United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 6, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-41279
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JESUS GONZALEZ-SILVA, also known as Martin Garcia-Salaiza,

Defendant-
Appellant.

------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-847-ALL
------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jesus Gonzalez-Silva appeals from his guilty-plea conviction and sentence for attempting to illegally reenter the United States after having been previously removed. He was sentenced to 70 months of imprisonment and three years of supervised release. Gonzalez-Silva asserts that his sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is invalid in light of *United States v. Booker*, 543 U.S. 220 (2005). Because the district court sentenced Gonzalez-Silva under a mandatory guidelines regime, it committed a Fanfan error. *See United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir. 2005). Because the Government concedes that Gonzalez-Silva preserved his Fanfan claim, this court reviews for harmless error. *Id.; United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). Under this standard of review, the Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Gonzalez-Silva differently under an advisory guidelines sentencing regime. *Walters*, 418 F.3d at 464. The record contains no indication that the district court would have imposed the same sentence absent the error. The Government thus cannot meet its burden. Accordingly, Gonzalez-Silva's sentence is vacated and the case is remanded for resentencing.

Gonzalez-Silva's constitutional challenge is foreclosed by *Almendarez-Torres v. United States,* 523 U.S. 224, 235 (1998). Although Gonzalez-Silva contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Gonzalez-Silva properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.